UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HERMINIA MORALES,**

    **Plaintiff,**

v.                                                 Case No: 8:10-CV-1134-T-27EAJ

**ROCKY CREEK VILLAGE,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Affidavit of Indigency** (Dkt. 2), which the court construes as a motion for leave to proceed in forma pauperis.

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Cleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted). Dismissal is also appropriate if review of the complaint reveals a lack of subject matter jurisdiction. See, e.g., Figueroa v. Poinciana Ass'n, No. 6:08-cv-830-Orl-19KRS, 2008 WL 3889623, at *1 (M.D. Fla. Aug. 20, 2008).

In her complaint, Plaintiff asserts that Defendant terminated her position because Plaintiff did not speak English well and/or because Plaintiff did not participate in a youth group (Dkt. 1 at

1). She further contends that Defendant provided negative references in response to inquiries from potential employers. Plaintiff emphasizes that she is approaching seventy years of age.

Plaintiff asserts that her action comes within this court's jurisdiction. Given that Plaintiff alleges both she and Defendant are citizens of Florida, Plaintiff presumably reasons that her claim falls within this court's federal question jurisdiction. Liberally construed, Plaintiff's complaint may contemplate suit for discrimination based on race, national origin, or age. In its current form, however, the complaint does not establish this court's jurisdiction and fails to state a claim under federal law.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 2) be **DENIED WITHOUT PREJUDICE**;

(2) Plaintiff be granted an opportunity to file an amended complaint; and

(3) Plaintiff's failure to timely file an amended complaint result in dismissal of this matter for lack of subject matter jurisdiction and/or failure to state a claim. See also Local Rule 3.10(a), M.D. Fla.

**Date: May 24, 2010**

ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).


Copies to:
Pro se Plaintiff
District Court Judge